In re Estate of Herman Bloom, Deceased.
John B. Pallasch, Appellant, v. Estate of Herman
Bloom, Deceased. George Bloom, Appellee.

Gen. No. 37,755.

Opinion filed December 27, 1935.   Rehearing
denied January 7, 1936.

PAUL V. PALLASCH and EWART HARRIS, both of Chicago, for appellant.

ABRAMS, SHERMAN & LEWIS, of Chicago, for appellee; IRVING S. ABRAMS, of counsel.

MR. PRESIDING JUSTICE HALL delivered the opinion of the court.

John B. Pallasch filed a claim in the probate court of Cook county against the estate of one Herman Bloom, deceased. The claim is predicated upon the following facts: On June 12, 1918, Valeria Szybinski and Jan Szybinski executed a promissory note for the sum of $1,500, secured by a trust deed on certain described real estate, the note to bear interest at the rate of 6 per cent per annum, payable semiannually. There-

after, the real estate in question was conveyed by the Szybinskis to Herman Bloom and his wife Katherine, both of whom are now deceased. On June 11, 1923, Katherine and Herman Bloom entered into an extension agreement with the payee of the note so secured, which extension agreement is as follows:

"Now, therefore, it is mutually agreed that the payment of the said principal note is hereby extended to the 12th day of June, A. D. 1928, with interest at the rate of 6 per cent per annum, payable semi-annually, until paid, the interest for said extended period being further evidenced by ten interest coupons of even date herewith, for the sum of Forty-five ($45.00) Dollars each, executed by said second party, and that all the provisions, stipulations, powers and covenants in the said principal note and in the said Trust Deed contained shall stand and remain unchanged and in full force and effect for and during said extended period, except as changed by this agreement; and that the agreements herein contained shall bind and inure to the respective heirs, executors, administrators and assigns of the parties hereto."

The claim involved here is based upon the extension agreement and the note in question, together with the coupon notes mentioned in this agreement executed by Katherine and Herman Bloom, which were introduced in evidence to establish claimant's claim in the probate court.

The record discloses that about July 15, 1926, Bloom visited the office of John B. Pallasch, claimant, and paid the interest due for the year 1925; that at that time Bloom had begun remodeling the building on the property in question, and that the mortgagee, because of defaults in payments then due, had threatened foreclosure proceedings on the note and mortgage; that after some conversation regarding the partial destruction of the building in question, made by Herman

Bloom, that Bloom said to the claimant: "Don't look at the building, I can pay you up." Subsequently, a bill was filed to foreclose the mortgage, and after Herman Bloom had been served with summons in the cause, the record indicates that he requested that the foreclosure proceedings be postponed; that Bloom was informed by claimant's representative that he, Bloom, had depreciated the value of the security by destroying the front of the building on the premises, and in allowing it to become dilapidated, and in this same conversation in which Bloom requested that the foreclosure proceeding be postponed, he, Bloom, made the following statement: "I am personally liable for it. I want to keep that building, it is a good site. I will pay your father for the mortgage entirely, and for the interest." This conversation was had with the son of the claimant, an attorney-at-law, who represented claimant in the foreclosure proceeding. Subsequently, and apparently in consideration of Bloom's promise, the bill to foreclose was dismissed.

After a hearing in the probate court, the claim against the estate of Bloom was allowed, but only in the amount of $333.75 of interest then due. From this order of the probate court, the claimant took an appeal to the circuit court, and on June 22, 1934, after a hearing, that court entered an order by which it found against the claimant and for the estate. It is from this order that the appeal herein is being prosecuted.

We are of the opinion that upon the showing made, claimant was entitled to have his claim, with interest, allowed. The judgment of the circuit court is, therefore, reversed and the cause remanded with the direction that judgment be entered for the claimant in the sum of $1,500, with interest to be computed.

*Reversed and remanded with directions.*

HEBEL, J., and DENIS E. SULLIVAN, J., concur.